FILED
6/2/2021 5:02 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Consuelo Gomez
Bexar County - 57th District Court

Case 1:21-cv-00589   Document 1-1   Filed 07/02/21   Page 1 of 9

**4 CITS PPS**

## 2021CI11043
NO.

| | | |
|---|---|---|
| **RAYMOND PLILER and** | § | **IN THE DISTRICT COURT** |
| **DAVID PEARSON** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **_____JUDICIAL DISTRICT** |
| | § | |
| **FCA US, LLC D/B/A FCA GROUP,** | § | |
| **LLC and/or CHRYSLER GROUP,** | § | |
| **LLC, JULIE ANN EASTIN,** | § | |
| **TIMOTHY W. EASTIN,** | § | |
| **Defendants.** | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION
### AND INITIAL REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** RAYMOND PLILER, hereinafter called "Plaintiff Pliler," and DAVID PEARSON, herein after called "Plaintiff Pearson," hereinafter collectively referred to as "Plaintiffs" complaining of and about FCA US, LLC D/B/A FCA Group, LLC, and/or Chrysler Group, LLC, hereinafter called "Defendant FCA US, LLC", JULIE ANN EASTIN, hereinafter called "Defendant Julie," and TIMOTHY W. EASTIN, hereinafter called "Defendant Timothy," hereinafter collectively referred to as "Defendants", and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff, RAYMOND PLILER, is an Individual who is a resident of Louisiana.

3.      Plaintiff, DAVID PEARSON, is an Individual who is a resident of Louisiana.

4.      Defendant, FCA US, LLC D/B/A FCA Group, LLC, is a domestic limited partnership,

1

registered to do business in Texas.  Defendant may be served with process, by agreement, by serving its registered agent, CT Corporation System, at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  Service of said Defendant as described above can be effected by personal delivery.  **Citation is hereby requested**.

5.      Defendant, FCA US, LLC D/B/A CHRYSLER GROUP, LLC, is a domestic limited partnership, registered to do business in Texas.  Defendant may be served with process, by agreement, by serving its registered agent, CT Corporation System, at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  Service of said Defendant as described above can be effected by personal delivery.  **Citation is hereby requested**.

6.      Defendant, JULIE ANN EASTIN, an Individual who is a resident of Colorado, may be served with process at her home at the following address: 8024 S. Kewaunee Street, Aurora, Colorado 80016, or wherever she may be found.  **Citation is hereby requested**.

7.      Defendant, TIMOTHY W. EASTIN, an Individual who is a resident of Colorado, may be served with process at his home at the following address: 8024 S. Kewaunee Street, Aurora, Colorado 80016, or wherever he may be found.  **Citation is hereby requested**.

## JURISDICTION AND VENUE

8.      The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiffs prefer to have the jury determine the fair amount of compensation for Plaintiffs' injuries and damages, at a time when the full nature and scope of Plaintiffs' injuries and damages have been more fully explored and explained.  However, Rule 47(c) of the TEXAS RULES OF CIVIL PROCEDURE prematurely requires that a statement be made by Plaintiffs at this time, in order to place Plaintiffs'

lawsuit within one of the categories pre-determined by said Rule.  Therefore, only to comply with the requirements of Rule 47(c), Plaintiffs state monetary relief, in aggregate from all defendants, over $1,000,000.00, in an amount to be determined solely by the jury, is being sought.  Plaintiffs reserve the right to request from the jury such amount as it determines to be fair and reasonable under the circumstances in this case at the time of trial.

9.      This Court has jurisdiction over the parties because Defendant FCA US, LLC is a corporation which conducts business within Texas and maintains its corporate offices therein.

10.     Venue in Bexar County is proper in this Cause under Section 15.002(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER, ALTER-EGO & ASSUMED NAME

11.     In the event any parties are misnamed or not included herein, it is Plaintiffs' contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiffs rely upon Vernon's Texas Revised Civil Statutes Annotated, Art 6133, et seq., and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE in order to properly identify the corporate Defendants herein.

## FACTS

12.     On or about June 4, 2019, Plaintiffs were in their motor vehicle traveling westbound on North Loop 1604 East in San Antonio, Texas.  Defendant Julie was travelling in a vehicle insured, owned and/or controlled by Defendant Timothy, and/or Defendant FCA, directly behind Plaintiffs.  Plaintiffs reduced the speed of their vehicle due to heavy traffic directly in front of them

when Defendant Julie struck Plaintiffs' vehicle from the rear.  The force of the impact caused

Plaintiffs' vehicle to be pushed into the vehicle directly in front of them. As a result of the collision,

Plaintiffs sustained painful bodily injuries and serious damages as set forth below.

Plaintiffs assert that the collision was proximately caused by the Defendant Julie's negligence

and that said negligence was the proximate cause of Plaintiffs' injuries and damages.

## PLAINTIFFS' CLAIMS OF NEGLIGENCE
## AGAINST DEFENDANT JULIE ANN EASTIN

13.     Defendant Julie had a duty to exercise the degree of care that a reasonably careful

person would use to avoid harm to others under circumstances similar to those described herein.

14.     Plaintiffs' injuries were proximately caused by Defendant Julie's negligent, careless

and reckless disregard of said duty.

15.     The negligent, careless and reckless disregard of duty of Defendant Julie consisted of,

but is not limited to, the following acts and omissions:

  A.    Defendant failed to keep a proper lookout for Plaintiffs' safety that would
        have been maintained by a person of ordinary prudence under the same or
        similar circumstances;
  B.    Defendant failed to turn her motor vehicle in an effort to avoid the collision
        complained of;
  C.    Defendant was inattentive as she drove;
  D.    Defendant failed to maintain a clear and reasonable distance between
        Plaintiffs' motor vehicle and Defendant's motor vehicle which would permit
        Defendant to bring her motor vehicle to a safe stop without colliding into
        Plaintiff's motor vehicle, in violation of Texas Transportation Code
        §545.062, which constitutes negligence and negligence *per se*;
  E.    Defendant failed to keep such distance away from Plaintiffs' motor vehicle as
        a person using ordinary prudent care would have done under the same or
        similar circumstances;

  F.    Defendant failed to maintain her motor vehicle in his lane of travel to avoid
        the collision complained of as a person of ordinary care and prudence would

4

have in the same or similar circumstances;

G.      Defendant failed to timely and/or wholly failed to apply the brakes to her vehicle in order to avoid the collision in question as a person of ordinary care and prudence would have in the same or similar circumstances;

H.      Defendant drove at a speed greater than was reasonable and prudent under the circumstances then existing, drove at a speed greater than was reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, failed to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care, and/or failed to drive at an appropriate reduced speed when a special hazard existed with regard to traffic, including pedestrians, or weather or highway conditions, in violation of Section 545.351 of the TEXAS TRANSPORTATION CODE, which constitutes negligence and *negligence per se*; and,

I.      Defendant drove in willful or wanton disregard for the safety of person or property, in violation of Section 545.401 of the TEXAS TRANSPORTATION CODE, which constitutes negligence and *negligence per se*.

## PLAINTIFFS CLAIMS OF *RESPONDEAT SUPERIOR* AGAINST DEFENDANTS FCA US, LLC D/B/A FCA GROUP, LLC AND/OR CHRYSLER GROUP, LLC

16.     At the time of the occurrence of the acts/omissions in question and immediately prior thereto, Defendant Timothy was within the course and scope of his employment for Defendant FCA US, LLC.

17.     At the time of the occurrence of the acts/omissions in question and immediately prior thereto, Defendant Timothy was engaged in the furtherance of Defendant FCA US, LLC.

18.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Timothy was engaged in accomplishing a task for which Defendant Timothy was employed.

19.     Plaintiffs invoke the doctrine of Respondeat Superior against Defendant FCA US, LLC.

5

20.     In the alternative, at the time of the occurrence of the acts/omissions in question and immediately prior thereto, Defendant Julie was within the course and scope of his employment for Defendant FCA US, LLC.

21.      At the time of the occurrence of the acts/omissions in question and immediately prior thereto, Defendant Julie was engaged in the furtherance of Defendant FCA US, LLC.

22.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Julie was engaged in accomplishing a task for which Defendant Timothy was employed.

23.     Plaintiffs invoke the doctrine of <u>Respondeat</u> <u>Superior</u> against Defendant FCA US, LLC.

## PLAINTIFFS' CLAIMS OF GROSS NEGLIGENCE and EXEMPLARY DAMAGES AGAINST DEFENDANTS

24.     Defendant Julie committed gross negligence, which was the proximate cause of the injuries and damages of and to Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages, pursuant to Chapter 41 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.  Defendant Julie's acts or omissions described above, when viewed from the standpoint of Defendant Julie at the time of the acts or omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others similarly situated to Plaintiffs.  Defendant Julie had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

25.     Plaintiffs' injuries resulted from defendant's gross negligence, malice, or actual fraud, which entitles Plaintiffs to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE

Section 41.003(a). Specifically, Defendant Julie was grossly negligent because her conduct in operating a motor vehicle while distracted and involved an extreme degree of risk considering the probability and magnitude of potential harm to others, namely Plaintiffs and those similarly situated to Plaintiffs. Defendant Julie knew that there was a substantial risk of harm associated with the normal use a motor vehicle while distracted and consciously disregarded the safety and welfare of the public by driving distracted.

26.     Based on the facts stated hereinabove, Plaintiffs request exemplary damages be awarded to Plaintiffs.

## DAMAGES FOR PLAINTIFF RAYMOND PLILER

27.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to his neck, shoulders and back, and to incur the following damages:

A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;
B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
C.     Physical pain and suffering in the past;
D.     Physical pain and suffering in the future;
E.     Physical impairment in the past;
F.     Physical impairment in the future;
G.     Mental anguish in the past;
H.     Mental anguish in the future;
I.     Physical disfigurement in the past; and,
J.     Physical disfigurement in the future.

## DAMAGES FOR PLAINTIFF DAVID PEARSON

28.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff was caused to suffer injuries to his neck, shoulders and back, and to incur the following damages:

    A.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment in the future;

    G.    Mental anguish in the past;

    H.    Mental anguish in the future;

    I.    Physical disfigurement in the past;

    J.    Physical disfigurement in the future;

    K.    Lost wages in the past; and

    L.    Lost wages in the future.

## INITIAL REQUEST FOR DISCLOSURE

29.    Pursuant to Rules 194 and 195 of the TEXAS RULES OF CIVIL PROCEDURE, all parties named herein are to disclose, within thirty (30) days following the first Answer or general appearance of Defendant, the information and material described in the TEXAS RULES OF CIVIL PROCEDURE 194.2 and 195.

## REQUEST FOR JURY TRIAL

30.    Plaintiffs request that a Jury be impaneled on final hearing of this cause of action. They jury fee will be paid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that, upon a final hearing of this Cause, judgment be

entered for Plaintiffs against Defendants, jointly and severally, for monetary relief sought herein;

together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at

the legal rate, costs of court, and any such other and further relief to which Plaintiff may be justly

entitled, at law or in equity.

Respectfully submitted,


By: _/s/ Desi I. Martinez_____
Desi I. Martinez
Texas Bar No. 24053342
desi.martinez@martinez-law.com

MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Tel. (210) 359-8250
Fax (210) 359-8255
Attorneys for Plaintiffs